IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. ACT. NO. 21-mj-55 |
| | ) |
| JACQUILL STOVALL, | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION FOR EXTENSION OF TIME TO INDICT
AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT**

NOW COMES the United States of America, by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Christopher R. Howland, Assistant United States Attorney, along with Conor Wilson, Assistant Federal Public Defender, to respectfully move, pursuant to Federal Rule of Criminal Procedure 45(b), Local Rule 5(a), and 18 U.S.C. §§ 3161(b) & (h)(7)(A), for an extension by thirty (45) days of the period of time for the filing of an Indictment in the above-captioned case, and to exclude such time under the Speedy Trial Act. In support of this motion, the government submits the following:

1. On February 19, 2021, the government charged Defendant by criminal complaint with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm by a person prohibited, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1).

2. Defendant appeared before this Court for his Initial Appearance on February 19, 2021, at which time the government filed a motion for his detention pending trial. The Defendant thereafter requested that his detention hearing be continued. The detention hearing occurred on March 24, 2021, at which time the Defendant did not contest his detention and the Court ordered him detained pending trial. As such, the government was required to seek an Indictment in the above-captioned matter on or before April 20, 2021 under the Speedy Trial Act. 18 U.S.C. § 3161(b).

3. Thereafter, the government filed several unopposed motions for extensions of time to discuss the possibility of a non-trial resolution of this matter. The government was therefore required to indict Defendant by January 18, 2022.

4. The parties continue to discuss the possibility of a non-trial resolution of this matter. Specifically, the government has extended a written plea offer to defense counsel. Likewise, defense counsel has sought clarification from the U.S. Probation Office regarding certain legal issues. As a result, the parties require additional time to determine whether a resolution of this matter is possible.

5. In order to facilitate additional time for discussions on these subjects, the parties therefore respectfully request an extension of forty-five (45) days in the time period for the government to file an Indictment in this matter. Accordingly, the deadline for filing an Indictment would be March 4, 2022.

6. The Defendant agrees to waive any challenge to a forty-five (45) extension of the time for the government to file an Indictment in this matter under 18 U.S.C. § 3161(b). Accordingly, the parties request that such period of time be excluded under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A).

8. The parties submit that the ends of justice will be served by a forty-five (45) day continuance in filing the Indictment in this matter and would outweigh the best interest of the public and of the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). A proposed order is attached.

                                                Respectfully submitted,

                                                DAVID C. WEISS
                                                United States Attorney

                                         BY: /s/ *Christopher R. Howland*
                                                Christopher R. Howland
                                                Assistant United States Attorney

Dated: January 18, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIM. ACT. NO. 21-mj-55 |
| | ) |
| JACQUILL STOVALL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**AND NOW**, this _____ day of _____2022, having considered the Unopposed Motion for Extension of Time to Indict and Exclusion of Time Under the Speedy Trial Act, this Court having found that the ends of justice served by a forty-five (45) day continuance in filing the Indictment in this matter would outweigh the best interest of the public and the Defendant in a speedy trial, **IT IS HEREBY ORDERED** that the motion is **GRANTED** and that the time from January 18, 2022, until March 4, 2022, is excluded under the Speedy Trial Act, because the ends of justice served by the delay outweigh the best interest of the public and the defendants in a speedy trial.   18 U.S.C. § 3161(h)(7)(A).

BY THE COURT:

_____
UNITED STATES MAGISTRATE JUDGE